UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD HOOKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 08-CV-445-B |
| | § | ECF |
| MICHAEL J. ASTRUE, Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | |

ORDER DECLINING TO ACCEPT THE MAGISTRATE JUDGE'S
RECOMMENDATION AND REMANDING THIS CASE TO
THE COMMISSIONER OF SOCIAL SECURITY

Plaintiff Reginald Hooker ("Hooker") brought this action for disability insurance benefits

("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 405(g), and for Supplemental

Social Security Income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1382(c), due to

gout.  He seeks judicial review of the final decision of the Commissioner of Social Security

("Commissioner") denying his application for benefits.  The magistrate judge assigned to the case

entered his findings, conclusions, and recommendation ("Report") recommending that the

Commissioner's decision be affirmed.  Hooker filed objections to the Report.  His objections are the

subject of this order.  For the reasons that follow, the Court declines to accept the magistrate judge's

report and REMANDS this case to the Commissioner for further consideration consistent with this

opinion.

1

I.

The Court conducts a *de novo* review of those portions of the Report to which Hooker has objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court's review of the Commissioner's decision is confined to whether it is supported by substantial evidence and whether the proper legal standards were applied in evaluating the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Here, the Court finds that the ALJ's reliance upon a flawed hypothetical question posed to the Vocational Expert ("VE") requires reversal of the Commissioner's final decision and remand for further consideration consistent with this opinion.

II.

The procedural history of the case is not disputed. The ALJ employed the familiar five-step sequential analysis to determine if Hooker was disabled. *Martinez v. Chater*, 64 F.3d 172, 173-74 (5th Cir. 1995). At step one, the ALJ must evaluate whether a claimant is presently involved in a substantial gainful activity.[1] 20 C.F.R. § 404.1520(a). If the claimant is not engaged in a substantial gainful activity, then the severity of the claimant's alleged physical or mental impairment is evaluated at the second step. *Id*. If the impairment is not severe, there is no disability. If it is severe, however, then third, the ALJ compares the severe impairment with those listed in an appendix contained in the regulations. *Id*. § 404.1520(d). If the claimant's impairment is not listed, then the ALJ proceeds to step four to determine whether the impairment prevents the claimant from returning to his past relevant work. *Id*. § 404.1520(e). Should the ALJ find that the claimant

---

[1] "Substantial gainful activity is work activity involving the use of significant physical or mental abilities for pay or profit." *Gutierrez v. Barnhart*, 2005 WL 1994289, at *4 (5th Cir. Aug. 19, 2005) (citing 20 C.F.R. §§ 404.1527, 416.972).

2

cannot perform his past work, then fifth and finally, the ALJ must evaluate whether the claimant can perform any work, considering his residual functioning capacity, age, education, and past work experience. *Id.* § 404.1520(a). The claimant bears the burden of establishing his disability under the first four steps. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999). The burden then shifts to the ALJ at step five to show that there is other substantial gainful activity that the claimant can perform despite his impairment. *Id.* If the ALJ satisfies that burden, then the claimant must prove that he cannot perform the suggested work. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

### III.

As to steps one and two, the ALJ determined that Hooker was not engaged in substantial gainful work and that his gout and obesity were severe impairments but did not meet or equal an Appendix I-listed impairment. At step three, the ALJ determined that Hooker retained the following residual functional capacity: "lift/carry 10 pounds occasionally and frequently, stand/walk 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. The claimants ability to handle and finger is limited to an occasional basis." (Tr. at 20.) At step four, the ALJ found that Hooker could not return to his past relevant work. At step five, relying upon a VE's testimony, the ALJ determined that a significant number of jobs existed in the national economy that Hooker could perform given his age, education, work experience, and residual functional capacity. The VE's testimony, upon which the ALJ relied in making her step five determination, was based upon a hypothetical question posed to the VE by the ALJ. Specifically, the ALJ asked the VE whether work was available for:

...an individual with Mr. Hooker's age, education and work experience who is limited

3

to walking/standing no more than two hours a day, lifting up to ten pounds occasionally, less than ten frequently, sitting six out of eight hours a day with the ability to change positions at 45 minute intervals, just get up, stretch, move around and *frequent not constant handling/fingering.*

(Tr. at 264.) (emphasis added)  The VE responded that there were approximately 89 occupations suitable for an individual with the limitations assumed in the hypothetical question.  The VE explained that her answer was based upon the parameters of the hypothetical question, which presumed that the individual could engage in "frequent reaching and frequent handling and frequent fingering."  (Tr. at 265.)  Based on the VE's testimony, the ALJ denied benefits.

Hooker objects maintaining that the ALJ's decision to deny benefits was based upon the faulty testimony of the VE that available work existed in the economy for someone with his limitations.  The VE's testimony, he posits, erroneously rested upon a hypothetical question that he could engage in "frequent reaching and frequent handling and frequent fingering" when, in fact, the ALJ had already determined that Hooker's "ability to handle and finger is limited to an occasional basis."  (Tr. at 20, 264-65.)  The Court agrees.

If the ALJ fails to satisfy her duty to fully and fairly develop the facts regarding an applicant's claim, her decision cannot be deemed "substantially justified." *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).  Relying upon testimony elicited by a defective hypothetical, can constitute a failure by the ALJ to fully and fairly develop the facts of a claimant's case. *Id.* at 708.  In *Bowling v. Shahala*, 36 F.3d 431 (5th Cir. 1994), the Fifth Circuit stated:

> Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational

4

> expert any purported defects in the hypothetical questions . . . a determination of
> non-disability based on such a defective question cannot stand.

*Id.* at 436.  The ALJ's hypothetical incorrectly presumes that Hooker could engage in "frequent

reaching and frequent handling and frequent fingering."  This error caused a material shortcoming

in the evidence, because the VE's opinion that jobs were available for someone with Hooker's

limitations was clearly based upon this erroneous premise.  In concluding that Hooker was not

disabled, the ALJ said:

> *Based upon the testimony of the vocational expert*, the undersigned concludes that
> considering the claimant's age, educational background, work experience, and
> residual functional capacity, he is capable of making a successful adjustment to work
> that exists in significant numbers in the national economy. A finding of "not
> disabled" is therefore reached within the framework of Medical-Vocational Rule
> 201.28.

(Tr. at 21.) (emphasis added)  The very crux of the ALJ's determination that Hooker is not disabled

hinged upon the VE's answer to her faulty hypothetical.  The ALJ's resulting determination that

Hooker is not disabled is not therefore substantially justified.  The fact that Hooker's counsel was

afforded an opportunity to ask follow-up questions, something relied upon by the magistrate judge,

does not salvage the hypothetical.  *Boyd*, 239 F.3d at 707 (opportunity to cross-examine VE does not

automatically salvage a faulty hypothetical).  The availability of follow-up questions by Hooker's

counsel does not repair the failure by the ALJ to fully and fairly develop the facts and carry her

burden to show that, impairments aside, Hooker could perform available work.  *Boyd*, 239 F.3d at

708.

## IV.

The ALJ's decision to deny benefits is not supported by substantial evidence. The Court

therefore declines to accept the magistrate judge's Report and REMANDS this case to the

Commissioner for further consideration consistent with this opinion. [2]

       SO ORDERED.

       SIGNED March 2nd, 2010

                                      JANE J. BOYLE
                                      UNITED STATES DISTRICT JUDGE

---

[2] Because Hooker's objection regarding the flawed hypothetical is dispositive, the Court declines to reach his other objections. Nonetheless, this should not prevent the Commissioner from addressing Hooker's other points on remand if the Commissioner determines it appropriate and helpful to resolving Hooker's case.