UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| REGINALD HOOKER, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0445-B |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Reginald Hooker's Application for Attorney Fees Under the Equal Access to Justice Act (doc. 35), Defendant Astrue's Response (doc. 36), and Plaintiff's Reply (doc. 37). For the reasons stated below, the Court finds Plaintiff's Application for Attorney Fees should be and hereby is **GRANTED**.

### I.

### BACKGROUND

Plaintiff Reginald Hooker ("Hooker") brought this action for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g), and for Supplemental Social Security Income benefits under Title XVI of the Act, 42 U.S.C. § 1382(c), due to gout. The Commissioner of Social Security ("Commissioner") denied Hooker's application for benefits. Hooker appealed the Commissioner's decision by filing a complaint in federal court (doc. 1). The matter was referred to Magistrate Judge Sanderson, who entered Findings and Recommendations that the Commissioner's decision be affirmed and Hooker's action dismissed (doc. 27). Hooker objected to these Findings

and Recommendations (doc. 31). After conducting a *de novo* review, the Court declined to accept the magistrate judge's report and remanded the case to the Commissioner for further consideration (doc. 32).

The Court's Order centered upon a defective hypothetical directed at the Commissioner's Vocational Expert. The Administrative Law Judge ("ALJ") had earlier found that Hooker's ability to hand and finger was limited to an "occasional" basis. (Tr. 2; Order 3). However, when asking the Vocational Expert whether there was other substantial gainful activity that Hooker could perform despite his impairment, the ALJ posed a hypothetical wherein the individual was limited to "frequent not constant handling/fingering." (Tr. 264; Order 4). The Court found that "[t]he very crux of the ALJ's determination that Hooker is not disabled hinged upon the Vocational Expert's answer to her faulty hypothetical." (Order 5). Thus, the ALJ failed to satisfy her duty to fully and fairly develop the facts regarding Hooker's claim, and her decision was not "substantially justified." (Order 4).

Hooker now brings an Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, alleging that the Commissoner has failed to satisfy his burden to prove that the Social Security Administration's position was "substantially justified." (Appl. 1). The Commissioner responds that *Hooker* "has not established that the Commissioner's position was not substantially justified." (Resp. 1). Hooker contends that he is entitled to attorney's fees of $15,236.00, which includes his filing fee, work on the merits of his claim, and work defending against Defendant's objections to his EAJA application. (Reply 11). The Commissioner opposes the award of any EAJA fees. (Resp. 1).

## II.

## LEGAL STANDARD

The Equal Access to Justice Act provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party like Hooker who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue*, 609 F.3d 831, 833-34 (5th Cir. 2010); *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1988). There are no special circumstances in the instant case that would make an award of attorney's fees unjust. Thus, the only question before the Court is whether the Government's position was "substantially justified."

In order to be substantially justified, the Commissioner's position must have a reasonable basis in law and in fact. *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987). The Government bears the burden of proving that its position was substantially justified at every stage of the proceedings. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowen*, 788 F.2d 1127, 1132 (5th Cir. 1986)). This includes the ALJ's decision. *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991); *see Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (stating that the Government must show that it was substantially justified with respect to the issue on which the court based its remand); *Jenkins v. Chater*, No. 95-5153, 1996 WL 145677, at *2 (10th Cir. Apr. 1, 1996).

Just because a court has found a lack of "substantial evidence" in the underlying proceeding, that does not automatically mean that the Government's position was not "substantially justified." *Baker*, 839 F.2d at 1081. However, when the underlying case lacks substantial evidence "and does

not turn on mere evidentiary ambiguities or involve novel legal principles," it was not substantially justified. *Id.* (*Herron*, 788 F.2d at 1130).

III.

ANALYSIS

The Commissioner has not met his burden of proving that his position was substantially justified because his position had a fundamentally unreasonable basis in law. This Court's decision in the underlying matter was based upon the Fifth Circuit's fifteen year old precedent that a defective hypothetical produces reversible error when it does not "incorporate reasonably all disabilities of the claimant." (Order 4 (quoting *Bowling v. Shahala*, 36 F.3d 431, 436 (5th Cir. 1994). Because the Court found a lack of substantial evidence in the underlying proceeding and because the finding did not "turn on mere evidentiary ambiguities or involve novel legal principles," the Commissioner's position was not substantially justified. *See Baker*, 839 F.2d at 1081.

The Commissioner bases much of his Response on the magistrate judge's findings and recommendations in his favor. This argument is inapposite, however, because the fact remains that the crux of the ALJ's determination hinged on the Vocational Expert's faulty hypothetical. (*See* Order 5). This determination had an unreasonable basis in law, and was not substantially justified. Holding otherwise in this case would controvert the central purpose of the EAJA, since would discourage counsel from accepting cases that though legally unreasonable on their face, would nevertheless likely never result in payment. *See I.N.S. v. Jean*, 496 U.S. 154, 164-65 (1990). The Court finds no mistake in Hooker's computation of fees on their face, and absent argument from the Commissioner, assumes that the amount indicated in Hooker's Application is proper.

## IV.

## CONCLUSION

The Court finds Plaintiff's Application for Attorney Fees should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that Defendant award to Carl Weisbrod the fees incurred by the work of Carl Weisbrod in litigating Hooker's individual claim and requested in the Application for Attorney Fees and Reply filed with this Court, being in the amount of $15,236.00. Payment shall be made **within thirty (30) days from the date of this Order** with interest to accrue thereafter if payment is not made by such date.

SO ORDERED.

DATED September 20, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE